IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael D. Sopp, | : | |
| Plaintiff | : | Civil Action 2:14-cv-01223 |
| v. | : | |
| Deutsche Bank National Trust Company and JPMorgan Mortgage Acquisition Trust 2007-CH3, Asset Backed Pass-through Certificates, Series 2007-CH3, | : : : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Court on defendants Deutsche Bank National Trust Company ("Deutsche Bank) and JPMorgan Acquisition Trust 2007-CH3, Asset Backed Pass-Through Certificates, Series 2007-CH3 ("the Trust")'s September 22, 2014 motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (doc. 8) and their September 23, 2014 motion to dismiss the amended complaint (doc. 11).

   **I.**  **Allegations in the Amended Complaint**

The amended complaint makes the following allegations. Defendant Deutsche Bank loaned plaintiff Michael D. Sopp money, then took his promissory note and, without his permission, deposited it in its own account in violation of 12 U.S.C. § 1828(g)(2). Further, Deutsche Bank concealed the method it used to create the money loaned to him. Claims are also pleaded for violation of the Fair Debt Collection Practices

Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), breach of contract by virtue of its not having the money to lend him, failure of consideration for the promissory note, fraud in the inducement, promissory estoppel, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, lack of authority to enter the contract, deceptive trade practices, assumpsit for money had and received, conversion, recision, unjust enrichment, civil conspiracy, and attorneys fees and costs.

## II. Arguments of the Parties

### A. Defendants Deutsche Bank and The Trust

Defendants argue that because Sopp filed a voluntary petition for bankruptcy relief, his claims belong to the bankruptcy estate. Defendants ask the Court to judicial notice of the publicly filed documents showing plaintiff's petition for Chapter 7 bankruptcy relief filed on August 13, 2014. Because of this filing, a bankruptcy estate was created, and that estate includes all of Sopp's legal and equitable interests that existed at the time of the bankruptcy filing.

According to defendants, the claims in the amended complaint relate to a residential mortgage loan between plaintiff and a bank identified in the exhibits as Chase Bank USA, N.A. dated September 8, 2006. Defendants argue that regardless of the theory of recovery, the amended complaint fails to state a claim upon which relief may be granted.

Defendants characterize plaintiff's claims as being premised on the "vapor money" theory common to the Sovereign Citizen's Movement. Defendants maintain

2

that these claims do not state any legally cognizable claim against them. Defendants were not involved in the origination of the loan and did not take assignment of the loan until six years after closing. Defendants also argue that all claims related to the loan transaction have been fully litigated in the Franklin County Court of Common Pleas. As a result, any claims that were brought or that could have been brought are barred by preclusion.

Plaintiff's asserts that the promissory note he executed is the equivalent of money, but defendants argue that a promissory note is a promise to repay real money that he received. Plaintiff's claims are based on the concept that the bank was loaning plaintiff his own money to him. Defendants contend that this implies that the real money provided to plaintiff at the loan closing had no value. Other courts who have considered this issue have universally rejected arguments that currency is not valuable legal tender.

Defendants further argue that plaintiff has failed to allege any facts suggested that defendants were involved in the origination of the loan. Plaintiff has also failed to state a claim under the FDCPA or the FCRA. Plaintiff's third and fourth claims contain no allegations of facts; they are simply recitations of the statutory elements of a cause of action under the FDCPA and the FCRA.

Defendants further argue that plaintiff's complaint is barred by the doctrine of issue preclusion. In the state foreclosure action, plaintiff filed counterclaims challenging the validity of the loan based on the same theories upon which this action is based.

3

Plaintiff also filed motions challenging every aspect of the foreclosure action and asserting a long list of various theories of recovery. All of plaintiff's counterclaims were dismissed, and his motions were denied. A final foreclosure decree was entered on March 25, 2014. According to defendants, each of the elements of issue preclusion are met. The state court has already declared that the origination of the loan was appropriate, that the loan documents were valid, and that the amount sought by the lender was accurate. Plaintiff is therefore precluded from relitigating any claim related to this issue.

### B. Plaintiff Michael D. Sopp

Plaintiff Michael D. Sopp did not file a memorandum in opposition to defendants' motion to dismiss the amended complaint. Instead, Sopp filed an October 7, 2014 motion to strike the September 22, 2014 motion to dismiss (doc. 15), which argued that the amended complaint should be dismissed because Sopp filed a voluntary petition for bankruptcy relief and the claims now belong to Sopp's bankruptcy estate. Plaintiff also filed a motion for judicial notice (doc. 16) and a motion to strike defendants' September 23, 2014 motion to dismiss the amended complaint (doc. 17).

Plaintiff Sopp argues that his claims are based on federal law. He maintains that defendants cannot purchase the asset yet escape liability for the underlying transaction.

Plaintiff further argues that his claims are not barred by preclusion because fraud has no statute of limitations. He also contends that the judge in the foreclosure action ignored the fraud issue.

### III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.     Discussion**

Federal courts apply state law to determine whether collateral estoppel applies. *Daubenmire v. City of Columbus*, 507 F.3d 383, 389 (6th Cir.2007). Under Ohio law, collateral estoppel applies "when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (1994).

Here, plaintiff's allegations challenging the validity of the loan were also raised in the state foreclosure action. *See* doc. 11-2. The state court dismissed plaintiff's counterclaim. In the state court action, plaintiff challenged the practice by which banks lend money to their customers. The court rejected plaintiff's arguments as frivolous. The amended complaint in this case alleges that defendants took plaintiff's promissory note without his written permission, deposited the promissory note into the bank's account without plaintiff's written permission, and lent his credit back to him as a loan. *See* Doc. 5 at PageID# 59-60. All three factors required for collateral estoppel are present here.

In the alternative, plaintiff's amended complaint should be dismissed on the merits based on the reasoning in *Demmler v. Bank One, NA*, No. 2:05-CV-00322, 2006 WL 640499 at *3-4 (S.D. Ohio March 9, 2006), which stated in pertinent part:

Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that Bank One took his "money," i.e., the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that Bank One did not actually have the funds available to lend to him, but instead "created" the money through its bookkeeping procedures. He further argues that because Bank One was never at risk, and provided no consideration, the promissory note is void ab initio, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

Plaintiff offers no authority for this patently ludicrous argument. Similar arguments have been rejected by federal courts across the country. *See Frances Kenny Family Trust v. World Savings Bank*, No. C04-03724 WHA, 2005 WL 106792 (N.D.Cal. Jan.19, 2005)(sanctioning plaintiffs and rejecting their "vapor money" theory); *Carrington v. Federal Nat'l Mortgage Ass'n*, No. 05-cv-73429-DT, 2005 WL 3216226, at *3 (E.D.Mich. Nov.29, 2005) (finding "fundamentally absurd and obviously frivolous" plaintiff's claim that the lender unlawfully "created money" through its ledger entries); *United States v. Schiefen*, 926 F.Supp. 877, 880-81 (D.S.D.1995)(rejecting arguments that there was insufficient consideration to secure the promissory note, and that lender had "created money" by means of a bookkeeping entry); *Thiel v. First Fed. Savings & Loan Ass'n of Marion*, 646 F.Supp. 592 (N.D.Ind.1986)(rejecting claims that lender had violated RICO and the National Bank Act by issuing loan check in exchange for promissory note, and imposing sanctions on plaintiffs for bringing frivolous action); *Rene v. Citibank*, 32 F.Supp.2d 539, 544-45 (E.D.N.Y.1999)(rejecting claims that because lender did not have sufficient funds in its vault to make the loan, and merely "transferred some book entries," the lender had created illegal tender).

. . .

In the instant case, Plaintiff has also failed to state a claim upon which relief may be granted. Unlike the plaintiffs in many of the cases cited above, he does not expressly argue that the money loaned by the bank needed to be backed by gold or silver. He does, however, argue that the bank did not have sufficient funds on hand to make the loan, and that the bank "created" the money through its bookkeeping procedures. As discussed above, these arguments have been repeatedly rejected by every court to consider the issue. Plaintiff also argues that the bank provided no

7

> consideration, and was never at risk on the promissory note because it simply lent him his own money. This argument is viable only if you accept Plaintiff's ridiculous assertion that when he gave the bank the promissory note for $350,000, he gave the bank his "money," which it simply lent back to him. He has provided no legal authority for this assertion. While a promissory note may be a negotiable instrument, the note itself is not "money." It is nothing more than the acknowledgment of a debt and a promise to repay the debt at some date in the future. In short, the Court rejects the theory upon which all of Plaintiff's claims, federal and state, are based. Because it is beyond doubt that Plaintiff can prove no set of facts in support of any of his claims which would entitle him to relief, dismissal of this entire action is appropriate.

*Id.* at *3-4.

Consequently, defendants Deutsche Bank National Trust Company and JPMorgan Acquisition Trust 2007-CH3, Asset Backed Pass-Through Certificates, Series 2007-CH3's September 23, 2014 motion to dismiss the amended complaint (doc. 11) is GRANTED. Plaintiff Michael D. Sopp's October 7, 2014 motions to strike (doc. 15), for judicial notice (doc. 16) and to strike defendants' motion to dismiss the amended complaint (doc. 17) are DENIED.

The Clerk of Court is DIRECTED to enter JUDGMENT for defendants Deutsche Bank National Trust Company ("Deutsche Bank) and JPMorgan Acquisition Trust 2007-CH3, Asset Backed Pass-Through Certificates, Series 2007-CH3.

This case is CLOSED.

s/Mark R. Abel
United States Magistrate Judge
